## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LUIS R. CRUZ-COSS** | CIVIL NO. 21-1064 |
| PLAINTIFF | |
| VS. | |
| **MR SUN CONCRETE, INC.;** | RETALIATION, |
| **INSURANCE COMPANY XYZ;** | AND TORT DAMAGES |
| **COMPANY ABC;** | |
| **JOHN & JANE DOE.** | TRIAL BY JURY DEMANDED |
| DEFENDANTS | |

### COMPLAINT

**TO THE HONORABLE COURT:**

   **COMES NOW, Luis R. Cruz-Coss,** ("Plaintiff"), through the undersigned attorney and very respectfully states, alleges and prays as follows:

### PRELIMINARY STATEMENT

   1.     Plaintiff worked for Mr Sun Concrete, Inc. ("Defendant") since May of 2018 until his illegal termination on June 8th, 2020. Specifically, Plaintiff requested paid leave in accordance with the Families First Coronavirus Response Act ("FFCRA"). After the Plaintiff requested paid leave in accordance with the FFCRA, the Defendant retaliated against the Plaintiff and illegally terminated him because he exercised his right and participated in a protected activity pursuant to the FFCRA.

   2.     Such actions constitute a disparate treatment by the Defendant based on retaliation pursuant to Fair Labor Standards Act ("FLSA"), 29 USCS sec. 215, *et seq.*, and the FFCRA, 29

CFR sec. 826 *et seq.,* causing damages to the Plaintiff. The Plaintiff files this civil action against the Defendants for violation of federal anti-retaliation and anti-discrimination statutes.

3.      Plaintiff files this civil action against the Defendant based on the following: Retaliation pursuant to the FLSA, FFCRA, Puerto Rico's Law No. 115 of December 20, 1991, 29 LPRA sec. 194 *et seq.* ("Law 115")*,* and Section 1 and 16 of Article II of the PR Constitution; Wrongful Termination (Unjust Dismissal) pursuant to Puerto Rico's Law No. 80 of May 30, 1976, 29 LPRA sec. 185a *et seq*. ("Law 80"); and Tort Damages pursuant to Articles 1802 and 1803 of Puerto Rico's Civil Code, 31 LPRA secs. 5141, 5142 ("PR Civil Code").

4.      Plaintiff seeks compensatory, punitive, double and liquidated damages, severance pay, back pay, front pay, and equitable and injunctive relief for Defendants' unlawful and discriminatory employment termination of the Plaintiff, based on his retaliation and discrimination claims. In addition, Plaintiff seeks other specific remedies that restore him to the position that he would have held in the absence of the retaliation and discrimination.

## JURISDICTION AND VENUE

5.      The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. sec. 1331 since the matter of this civil action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff files this action pursuant to FLSA and FFCRA.

6.      Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 USC sec. 1367 to hear Puerto Rico constitutional and law claims arising from the same nucleus of operative facts. Specifically, Plaintiff files this action pursuant to Law 115, Law 80, the PR Constitution and the PR Civil Code.

7.      Pursuant to 28 U.S.C. sec. 1391 (a), venue is proper in the District of Puerto Rico because the events that justify the causes of action occurred in this district and the defendant resides within this judicial district.

8.      Plaintiff demands that all causes of action be tried before a jury.

**PARTIES**

9.      Plaintiff, Luis R. Cruz-Coss is of legal age, married, domiciled and resident of Las Piedras, Puerto Rico. Plaintiff's address is the following: Urb. Oriente Calle Roberto Clemente, 49A Las Piedras, PR 00771.

10.     Defendant, Mr Sun Concrete, Inc. ("Defendant") is organized and existing under the constitution and laws of the Commonwealth of Puerto Rico and of the United States of America. It is dedicated to the sales and distribution of concrete for construction purposes. Its main business office is Carr. 3 Km 75.7, Punta Santiago, Humacao, PR 00741. Its postal address is PO Box 902, Punta Santiago, PR 00741. Plaintiff reserves the right to amend the Complaint once more information is discovered.

11.     Co-Defendant, Insurance Company XYZ ("Insurance Company XYZ"), held an insurance policy in favor of the Defendant. At the time of the discriminatory incidents described herein, Insurance Company XYZ held an insurance policy in favor of the Defendant, specifically to cover said discrimination claims. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

12.     Co-Defendant, Company ABC ("Company ABC"), is another business company, which is the parent company or an affiliated company of the Defendants, that directed and had knowledge of Defendants' discriminatory acts of which Plaintiff is complaining. Their Current

3

address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

13.     Co-Defendant, John & Jane Doe ("Doe"), is another agent, supervisor, official or director who is affiliated with the Defendants, who directed and had knowledge of Defendants' discriminatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

## THE FACTS

14.     The Plaintiff began his employment with Defendant on May of 2018.

15.     The Plaintiff's job position and title was Supervisor of Sales.

16.     For approximately two (2) years, the Plaintiff excelled at his duties as Supervisor of Sales without any type of disciplinary action.

17.     He was recognized and distinguished because of his professionalism, responsibility, complying with his duties and functions and excellent client service.

18.     The Plaintiff always met and excelled work expectations.

19.     The Plaintiff's general duties as a Supervisor of Sales was to visit clients, identify areas for distribution of concrete and supervision of chauffeurs dedicated to distributing the concrete to the clients.

20.     Around March of 2020, the Puerto Rico Government issued a general lockdown quarantine order because of the Coronavirus Pandemic.

21.     The quarantine order closed the Defendant's business until approximately May of 2020.

22.     The quarantine order also closed the schools in Puerto Rico.

23.     The Plaintiff has minor children that were affected by the school closures due to

the quarantine order.

24.    The Plaintiff had to assist in taking care of his minor children that were affected by the school closures.

25.    The United States Government passed the FFCRA which establishes the right for leave to employees.

26.    The Defendant is not exempted under the FFCRA.

27.    On May of 2020, the Plaintiff requested leave under the FFCRA.

28.    On May 22nd, 2020, the Defendants provided the Plaintiff a document for requesting leave under the FFCRA.

29.    Afterwards, the Defendant claimed that they were unsure what the FFCRA established and was unwilling to provide the leave under the FFCRA.

30.    On May 26th, 2020, Plaintiff then requested intermittent leave under the FFCRA.

31.    After various days discussing this request, the Defendant told the Plaintiff that they were not in agreement with Plaintiff's request for intermittent leave under the FFCRA.

32.    On June 8th, 2020, the Defendant told the Plaintiff that they were the only employee causing trouble due to his leave requests.

33.    The Defendant terminated the Plaintiff because he exercised his right for leave under the FFCRA.

34.    Afterwards, the Plaintiff filed an administrative charge before the Puerto Rico Department of Labor ("PRDOL") against the Defendant in order to receive his liquidated vacation and sickness leave that he had accumulated.

35.    The PRDOL also filed a wrongful termination claim against the Defendant.

36.    The Defendant falsely alleged that Plaintiff's job position was eliminated.

37.     The Defendant created a false pretextual reason to cover the illegal retaliation actions that led to Plaintiff's termination.

38.     The Defendant took retaliatory actions against the Plaintiff, culminating in his dismissal, after the Plaintiff exercised his right to request leave under the FFCRA.

39.     The Defendant illegally terminated the Plaintiff in violation of anti-retaliation under federal and state laws.

40.     Company ABC was the parent company or an affiliated company of the Defendant. Company ABC had knowledge of Defendant's retaliatory decisions. Company ABC did not take any proper action to rectify and/or avoid the retaliatory actions incurred by the Defendant. Company ABC allowed the Defendant to retaliate against the Plaintiff, based on false pretextual grounds.

41.     John & Jane Doe had knowledge of Defendant's retaliatory decisions. John & Jane Doe did not take any proper action to rectify and/or avoid the retaliatory actions incurred by the Defendant. John & Jane Doe allowed the Defendant to retaliate against the Plaintiff, based on false pretextual grounds.

42.     At the time of these retaliatory incidents, Insurance Company XYZ held an insurance policy in favor of the Defendant, specifically to cover said retaliatory claims. Said insurance policy was in force at the time of the retaliatory and discriminatory incidents.

43.     Because of this illegal termination, the Plaintiff has suffered economic damages due to the deprivation of his compensation and benefits.

44.     Because of this illegal termination, the Plaintiff has suffered emotional damages due to depression, lost sleep, rest and humiliation of his professional reputation. Plaintiff has been at loss of his peace of mind and emotional stability.

45. The Defendant is liable for all the Plaintiff's damages.

## FIRST CAUSE OF ACTION

## RETALIATION

46. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

47. Defendant's retaliatory conduct altered Plaintiff's employment condition because Plaintiff engaged in a protected activity.

48. Specifically, Plaintiff engaged in a protected activity when the Plaintiff requested leave under the FFCRA.

49. The Defendant took a materially adverse action against the Plaintiff because the Plaintiff participated in said protected activity.

50. The Defendant's adverse actions are causally connected with the Plaintiff's participation in the protected activity.

51. The Plaintiff suffered a materially adverse action from the Defendant's arbitrary decisions to illegally terminate the Plaintiff, which affected his compensation and benefits.

52. The Plaintiff's participation in said protected activity were the direct cause of the Defendant's adverse actions against the Plaintiff, thus constituting an unlawful retaliation.

53. Defendant's conduct against the Plaintiff constitutes an unlawful retaliation pursuant to FLSA, FFCRA, Law 115 and Section 1 and 16 of Article II of the PR Constitution.

54. As a proximate result of Defendant's unlawful retaliation, Plaintiff has suffered intensely, has been deprived of his means of livelihood, has suffered economic losses and has been emotionally injured.

55.    As a result of Defendant's unlawful retaliation, Plaintiff lost the compensation and benefits he was entitled to pursuant to FLSA, FFCRA and Law 115.

56.    Defendant is liable to Plaintiff for the back pay and front pay he was entitled had he maintained his position.

57.    Plaintiff's compensation and benefits that were lost were approximately twenty-six thousand dollars ($26,000.00) of annual salary, plus benefits.

58.    Defendant is liable to the Plaintiff under this cause of action for all lost wages and fringe benefits that the Plaintiff has incurred from the date of the adverse employment action to the date on which damages are settled. Such back pay and front pay should include lost wages, pension benefits, insurance, vacation, profit sharing, accrued sick leave and other economic benefits of employment, plus prejudgment interest.

59.    Pursuant to FLSA and FFCRA, Defendant's unlawful retaliation against the Plaintiff was willful, malicious and/or carried with reckless indifference towards Plaintiff's rights protected under federal law. Plaintiff is thus entitled to punitive damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

60.    In the alternative, an adequate remedy under Law 115, Defendant is liable to Plaintiff for double the amount of back pay, front pay and compensatory damages, without the need of establishing that there was a willful, malicious and/or reckless indifference towards Plaintiffs' rights.

61.    Defendant is liable to Plaintiff under this cause of action, pursuant to Title VII, ADEA, Law 115 and the PR Constitution, in excess of five hundred twenty thousand dollars ($520,000.00).

62.     In addition, Plaintiff is entitled to reinstatement and to an order forbidding any further discriminatory practices against him.

63.     In addition to the remedies before mentioned, Plaintiff is entitled to double compensatory and statutory damages. As a result, thereof, Defendant is liable for double compensatory and statutory damages. These damages are estimated at no less than five hundred twenty thousand dollars ($520,000.00), which times two equals one million forty thousand dollars ($1,040,000.00).

### THIRD CAUSE OF ACTION

### WRONGFUL TERMINATION

64.     Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

65.     Defendant's actions constitute a termination of employment without just cause.

66.     Defendant is liable to Plaintiff pursuant Law 80, for an amount equal to three (3) months of salary plus benefits, as defined in the law, and four (4) additional weeks of compensation, based on his highest earning in any thirty-day period within the three years prior to the Plaintiff's dismissal.

67.     The sum amount of severance pay under Law 80 is approximately eight thousand five hundred dollars ($8,500.00).

### FOURTH CAUSE OF ACTION

### TORTS DAMAGES

68.     Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

69.     Defendant's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

70.     Defendant is liable to Plaintiff pursuant to Article 1802 of the PR Civil Code.

71.     John & Jane Doe's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

72.     John & Jane Doe's are liable to Plaintiff pursuant to Article 1802 of the PR Civil Code.

73.     Company ABC's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

74.     Company ABC is liable to Plaintiff pursuant to Article 1802 of the PR Civil Code.

75.     All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions.

76.     As a result, thereof, Defendants are liable for compensatory and statutory damages pursuant to Article 1802 and 1803 of the PR Civil Code.

77.     These damages are estimated at no less than five hundred thousand dollars ($500,000.00).

**FIFTH CAUSE OF ACTION**

**INSURANCE COMPANIES ARE JOINTLY AND SEVERALLY LIABLE**

78.     Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

79.     Insurance Company XYZ is directly, jointly and severally liable, along with the other Co-defendants to the Plaintiff for the damages caused by their insured, pursuant to the terms and coverage of their respective policy of insurance.

**SIXTH CAUSE OF ACTION**

**ATTORNEYS FEES AND PREJUDGMENT INTEREST**

80.     Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

81.     Defendant is liable to Plaintiff for attorney's fees and costs under Title VII and ADEA.

82.     Defendant is also liable to Plaintiff for attorney's fees under Law 100, Law 69, Law 115 and Law 80.

83.     Defendant is liable for prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

**DEMAND FOR JURY TRIAL**

84.      Plaintiff demand a trial by jury as to all claims and issues alleged herein

**PRAYER**

Wherefore, all allegations considered, Plaintiff prays that judgment be entered in their favor and against all Defendants', specifically:

1.  Granting Plaintiff's Complaint against Defendants. This Court should grant Plaintiff's complaint and find that the Defendants are liable to the Plaintiff based on the following: Retaliation pursuant to FLSA, FFCRA, Law 115, and Section 1 and 16 of Article II of the PR Constitution; Wrongful Termination (Unjust Dismissal) pursuant to Law 80; and Tort Damages pursuant to Articles 1802 and 1803 of the PR Civil Code.

2.  An order directing Defendant to reinstate Plaintiff to his former position and to cease and desist of any further retaliatory and discriminatory conduct on the basis of age and sex.

3. Awarding plaintiff back pay and front pay, together with interest, for the period that Plaintiff was deprived of his salary, as it was awarded to other employees in his previous position.

4. Awarding the Plaintiff punitive and liquidated damages equal to twice the back pay, front pay and fringe benefits lost by the Plaintiff.

5. Awarding the Plaintiff lost benefits, both past and future.

6. Awarding the Plaintiff the sum amounts before mentioned in the Complaint which includes the double compensatory damages.

7. Awarding Plaintiff reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

8. Awarding Plaintiff any and all other relief to which Plaintiff may be justly entitled.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 8th day of February, 2021.

*S/VICTOR M. RIVERA-RIOS*
VICTOR M. RIVERA-RIOS
USDC BAR NUMBER 301202
1420 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Telephone: (787) 727-5710
Facsimile: (787) 268-1835
E-Mail: victorriverarios@rcrtrblaw.com